IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Criminal Case No.  12-cr-00444-LTB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

GREGORY LYNN HOPSON,

        Defendant.

___

ORDER
___

## I. BACKGROUND

On October 24, 2012, the Grand Jury indicted Defendant, Gregory Lynn Hopson, on: eight counts of Production of Child Pornography in violation of 18 U.S.C. §§ 2251(a), (e) & 3559(e); two counts of Transportation of Child Pornography in violation of 18 U.S.C. § 2252A(a)(1), (b)(1); four counts of Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2), (b)(1); and two counts of Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2). A Superseding Indictment was subsequently filed, on September 25, 2013, in which the Grand Jury charged Defendant with an additional count of Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2).

## II. MOTION TO WITHDRAW

For the reasons more particularly stated on the record at the hearings on January 8 and January 16, 2014, I grant the Motion to Withdraw as Counsel and Appoint New Counsel From the Criminal Justice Act Panel filed by Defendant by and through Matthew C. Golla, Assistant

Federal Public Defender, on December 13, 2013. [Doc # 46]  Specifically, after hearing from Mr. Golla and from Defendant himself – who addressed the court, expressed his dissatisfaction with his counsel, and agreed that new counsel should be appointed – during the hearing on January 8, 2014, I determined that a fundamental disagreement between Defendant and Mr. Golla has led to a total and complete breakdown in communication, resulting in good cause for substitution of counsel.  *See U.S. v. Padilla,* 819 F.2d 952, 956 (10th Cir. 1987).  Although I noted my concern that Defendant's request for substitution of counsel could be viewed as an attempt to manipulate or whipsaw the Court, I was mindful of Defendant's Sixth Amendment right to counsel.  Because the continued representation of Defendant by the Office of the Federal Public Defender was no longer feasible, I ordered that new defense counsel be selected from the Criminal Justice Act Panel.  Thereafter, at the continued hearing on the Motion to Withdraw on January 16, 2014, Patrick Ridley (and Jessica Schmidt from his office) appeared as appointed counsel from the Criminal Justice Act Panel.  After Mr. Golla agreed to provide discovery and his file on this matter to newly-appointed counsel, I granted the Motion to Withdraw.

### III.  END-OF-JUSTICE CONTINUANCE

After I granted the motion, new defense counsel requested time to review the discovery and the case file, and to prepare any applicable pre-trial motions.  As such, the defense asked for a continuance of 45 days for review and 14 days for preparation of anticipated pre-trial motions.

On December 18, 2012, I declared this case complex pursuant to 18 U.S.C. § 3161(h)(7)(A). In so doing, I determined that this case involves complex issues of facts related to the nature of the case and complicated discovery issues – including the proposed number of witnesses, alleged extensive images and videos, and various seized media devices such as computers, cell phones, and

a digital camera that will likely require forensic examinations and expert analysis – as well as potentially novel and difficult questions of law that often arise in cases involving allegations of child pornography. In addition, I noted that the applicability of possible pre-trial motions, and constraints under the Adam Walsh Child Protection and Safety Act of 2006, provided further complexity to this matter. As a result, I concluded that it is unreasonable to expect adequate preparation within the time limits, and found that the ends of justice are served by declaring this case complex, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), as such declaration outweighs the best interests of the public and Defendant in a speedy trial. I granted Defendant's Unopposed Motion for an Exclusion of 180 Days from the Speedy Trial Act at that time. [Doc #23] On June 20, 2013, I again excluded additional time from the speedy trial calculation – through to January 16, 2014 – based on my prior findings regarding the complexity of the case. [Doc #32]

On October 3, 2013 – on Defendant's unopposed request for exclusion of time – I once more excluded time from the speedy trial calculation via an ends-of-justice continuance. In so doing, I found that this case involves almost 5,900 items of discovery – including compact discs that contain voluminous material – as well as multiple electronic devices that require forensic examination by the defense, and the new charge (brought in the Superseding Indictment) was based on newly obtained evidence, including an additional computer and multiple discs, also requiring forensic analysis. As such, I again determined this case so unusual or so complex, due to the nature of the prosecution, that it is unreasonable to expect adequate preparation for pretrial proceedings or for trial within the time limits, and that failure to exclude additional time would deny defense counsel the reasonable time he requests as necessary for effective preparation. As a result, I concluded that the "ends of justice served by excluding time outweigh the best interest of the public and the defendant

in a speedy trial" and, accordingly, I ruled that all time through to the status hearing scheduled for February 11, 2014, excluded from speedy trial calculations. [Doc #45]

Now, a new end-of-justice continuance is justified and necessary to allow newly-appointed counsel to time to review and prepare in this complex case pursuant to the ruling in *U.S. v. Hernandez-Mejia,* 406 Fed.Appx. 330, 2011WL 44497 (10th Cir. 2011)(not selected for publication). For all the reasons previously stated by me – as set forth above as well as on the record during open court – I find that it is unreasonable to expect adequate preparation by new counsel within the time speedy trial limits, and I conclude that the ends of justice are served by declaring this case complex, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), as such declaration outweighs the best interests of the public and the defendant in a speedy trial. I further find, and the Government agrees, that an end-of-justice continuance, as requested by defense and set forth below, is reasonable.

## IV. CONCLUSION

Accordingly, I ORDER as follows:

1) The Motion to Withdraw as Counsel and Appoint New Counsel From the Criminal Justice Act Panel, filed by Defendant [**Doc # 46**] is GRANTED;

2) Defendant SHALL FILE his pre-trial motions, if any, with the Court on before March 18, 2014, and the Government SHALL FILE its responses to those motions on or before April 1, 2014;

3) The Status and Scheduling Hearing currently scheduled for Tuesday, February 11, 2014, at 9:00 am., is VACATED;

4) A new Status and Scheduling Hearing is scheduled for **Thursday, April 3, 2014, at 9:00 am;** and

5) An ends-of-justice continuance is GRANTED through April 3, 2014, for the reasons stated.

Dated: January   17  , 2014 in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE