IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Criminal Case No.  12-cr-00444-LTB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

GREGORY LYNN HOPSON,

        Defendant.

---

ORDER

---

For the reasons more particularly stated on the record at the status/scheduling conference on June 12, 2014, I find that it is unreasonable to expect adequate preparation for trial within the remaining speedy trial time limit in this matter, and I conclude that the ends-of-justice are served by declaring this case complex under 18 U.S.C. §3161(h)(7)(B)(ii).  As such, I exclude the time period from the date of the hearing – June 12, 2014 – through the date trial is scheduled to commence – October 20, 2014 – from the speedy trial clock calculation pursuant to 18 U.S.C. §3161(h)(7)(A).

## I. BACKGROUND

On October 24, 2012, the Grand Jury indicted Defendant, Gregory Lynn Hopson, on:  (1) eight counts of Production of Child Pornography in violation of 18 U.S.C. §§ 2251(a), (e) & 3559(e); (2) two counts of Transportation of Child Pornography in violation of 18 U.S.C. § 2252A(a)(1), (b)(1); (3) four counts of Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2), (b)(1); and (4) two counts of Possession of Child Pornography in violation of 18

U.S.C. § 2252A(a)(5)(B), (b)(2). A Superseding Indictment was subsequently filed on September 25, 2013, in which the Grand Jury charged Mr. Hopson with an additional count of Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2).

## II. PRIOR RULINGS

On December 18, 2012, I granted Defendant's Unopposed Motion for an Exclusion of 180 Days from the Speedy Trial Act. [Doc #23] In so doing, I noted the complex issues of facts related to the nature of the case and complicated discovery issues – including the proposed number of witnesses, alleged extensive images and videos, and various seized media devices such as computers, cell phones, and a digital camera that will likely require forensic examinations and expert analysis – as well as potentially novel and difficult questions of law that often arise in cases involving allegations of child pornography. In addition, I indicated the applicability of possible pre-trial motions, and the constraints under the Adam Walsh Child Protection and Safety Act of 2006. I concluded that it was unreasonable to expect adequate preparation within the time limits, and found that the ends-of-justice were served by declaring this case complex pursuant to 18 U.S.C. §3161(h)(7)(B)(ii).

On June 20, 2013, I again excluded additional time from the speedy trial calculation – through to January 16, 2014 – based on my prior findings regarding the complexity of the case. [Doc #32] On October 3, 2013, I granted the Defense's oral request for an ends-of-justice continuance by finding that this case involves almost 5,900 items of discovery, as well as multiple electronic devices that require forensic examination by the defense, and the superceding charge based on newly-obtained evidence also requiring forensic analysis. As such, I again determined that it was unreasonable to expect adequate preparation for pretrial proceedings or

for trial within the time limits.  As a result, I concluded that the ends-of-justice served by excluding time outweighed the best interest of the public and the defendant in a speedy trial. [Doc #45]

On January 17, 2014, I determined that a new end-of-justice continuance was justified and necessary through April 3, 2014, to allow newly-appointed counsel time to review and prepare in this matter, pursuant to the ruling in *U.S. v. Hernandez-Mejia,* 406 Fed.Appx. 330, 2011WL 44497 (10th Cir. 2011)(not selected for publication).  Specifically, I found that it was unreasonable to expect adequate preparation by new counsel within the time speedy trial limits, and that the ends-of-justice would be served by declaring this case complex, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii). [Doc #53]

### III. CURRENT MOTION

At issue here is an oral motion for another end-of-justice continuance made by the Government, and joined by the Defense, at the scheduling/status conference on June 12, 2014. For the applicable reasons stated in my previous rulings, as well as those argued by counsel and that I have stated on the record, I grant the motion pursuant to 18 U.S.C. §3161(h)(7)(A).

I have set this matter for a three-week trial to commence on October 20, 2014 and, as a result, have set a tight pre-trial schedule for the parties to designate and object to their respective expert witnesses pursuant to Fed. R. Evid. 702.  I expect that the anticipated *in limine* motions will require an evidentiary hearing and, perhaps, lengthy analysis and rulings.  The subject matter of at least some of the expert testimony includes complex issues related to computer forensics.  The Government indicates that one of its experts is no longer in its employ, and has moved to Washington DC, which may complicate the logistics of his testimony in Colorado.

Testimony from both of the Government's potential experts is characterized as "not simple."

The discovery in this matter continues to be quite voluminous – the Government indicates that it is now in the range of 10,000 plus pages – and the evidence presented at trial by the Government is expected to include numerous witnesses (estimated at 20) and an extensive number of exhibits (estimated at approximately 500).  The potential witnesses include the out-of-town expert and, perhaps, a young victim.  I note as well the large number of charges brought, the potential of a life sentence if Mr. Hopson is convicted, and the inherent complex and technical nature of proving the crimes of production, transportation, receipt and possession of child pornography.  Based on the forgoing, the trial is scheduled for three weeks and, given the nature of the charges, will include complicated issues related to seating a jury.

Defense counsel correctly notes that it was appointed to represent Mr. Hopson in January of 2014, approximately six month ago, and that most of that time has been spent preparing for and arguing a complicated motion to suppress.  It further argues that as of the date the trial is scheduled, it will have been working on this matter for ten months which is reasonable time to prepare in light of the nature of the case and the complexity of the issues.  I agree, and in so doing note the continued diligence of both Government and Defense counsel in working on this case to date, and I anticipate the same in the future.

Therefore, based on the foregoing, I find it is unreasonable to expect adequate trial preparation within the time limits, and I determine that the ends-of- justice are served by declaring this case complex pursuant to 18 U.S.C. §3161(h)(7)(B)(ii), as such declaration outweighs the best interests of the public and the defendant in a speedy trial.

## IV. CONCLUSION

Accordingly, I ORDER an ends-of-justice continuance from June 12, 2014 through October 20, 2014, for the reasons stated, pursuant to 18 U.S.C. §3161(h)(7)(A).

Dated: June __13__, 2014 in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE