IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Criminal Case No.  12-cr-00444-LTB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

GREGORY LYNN HOPSON,

        Defendant.

_____

ORDER
_____

This matter is before me on a Motion to Strike Proposed Expert Testimony [**Doc #89**] filed by Defendant Gregory Lynn Hopson, in which he asks that I strike certain portions of the proposed trial testimony of two of the Government's expert witnesses – Richard Kaplan and Special Agent Chris McGuckin.  After consideration of the applicable legal authority and the parties' briefs, the motion is GRANTED IN PART, as follows, but I RESERVE RULING on the remainder of the motion until trial.

## I. BACKGROUND:

On October 24, 2012, the Grand Jury indicted Mr. Hopson on:  (1)  eight counts of Production of Child Pornography in violation of 18 U.S.C. §§ 2251(a), (e) & 3559(e); (2) two counts of Transportation of Child Pornography in violation of 18 U.S.C. § 2252A(a)(1), (b)(1); (3) four counts of Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2), (b)(1); and (4) two counts of Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2).  A Superseding Indictment was subsequently filed on September 25, 2013, in which the Grand Jury charged Mr. Hopson with an additional count of Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2).

## II.  LAW

In its Notice of Intent to Use Evidence [Doc #87], the Government designated the witnesses it has identified to provide expert testimony at trial.  Mr. Hopson, in this motion to strike, objects to a portion of the proposed testimony of two of those experts.

The admission of expert testimony is governed by Fed. R. Evid. 702, which provides that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The proponent of the expert testimony bears the burden of proving the foundational requirements of Fed. R. Evid. 702 by a preponderance of the evidence.  *Daubert v.  Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579, 592 at n.10, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) (scientific knowledge); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999)(technical and other specialized knowledge).

In addressing a challenge made under Fed. R. Evid. 702, I first determine whether the expert is qualified by "knowledge, skill, experience, training, or education" to render the proffered opinion.  *103 Investors I, L.P. v. Square D Co.*, 470 F.3d 985, 990 (10th Cir. 2006). The expert is required to possess such skill, experience or knowledge in that particular field as to make it appear that his opinion would rest on substantial foundation and would aid the trier of fact in his search for truth.  *Squires ex rel. Squires v. Goodwin,* 829 F.Supp.2d 1041, 1048 (D.Colo. 2011)(*quoting LifeWise Master Funding v. Telebank*, 374 F.3d 917, 928 (10th Cir. 2004)).

If I determine that the expert is sufficiently qualified to render the proffered opinion, I then assess whether the opinion itself is reliable. *103 Investors v. Square D, supra,* 470 F.3d at 990; *United States v. Crabbe,* 556 F.Supp.2d 1217, 1220 (D.Colo. 2008)("in addition to the witness having appropriate qualifications, the proponent of the witness' opinions must demonstrate that the process by which the witness derived his or her opinions is reliable").   This step focuses on the process or means by which the witness derived the opinion; it is referred to as an assessment of the methodology or application of principles.  *See Daubert v. Merrell Dow, supra,* 509 U.S. at 593-94 (setting forth reliability factors).

Finally, I must also determine whether the proffered expert testimony will assist the trier of fact under Fed. R. Evid. 702.  "In assessing whether testimony will assist the trier of fact, district courts consider several factors, including whether the testimony is within the juror's common knowledge and experience, and whether it will usurp the juror's role of evaluating a witness's credibility."  *United States v. Garcia,* 635 F.3d 472, 476-77 (10th Cir. 2011)(*quoting United States v. Rodriguez-Felix*, 450 F.3d 1117, 1123 (10th Cir. 2006)).  "[C]ourts must conduct a 'common-sense inquiry' into whether a juror would be able to understand certain evidence without specialized knowledge."  *U.S. v. Garcia, supra,* 635 F.3d at 477 (*quoting United States v. Becker*, 230 F.3d 1224, 1231 (10th Cir. 2000)).  Doubts about whether an expert's testimony will be useful should generally be resolved in favor of admissibility, unless there are strong factors such as time or surprise favoring exclusions, as the jury is intelligent enough to ignore what is unhelpful in its deliberations.  *United States v. deLopez*, 2014 WL 3765720, 9 (10th Cir. August 1, 2014)(*quoting Robinson v. Missouri Pacific R. Co.*, 16 F.3d 1083, 1090 (10th Cir. 1994)).  Ultimately, therefore, expert testimony is admissible under Rule 702(a) "if it will simply help the trier of fact to understand the facts already in the record, even if

all it does is put those facts in context."  *U.S. v. de Lopez, supra* (*quoting* 4 Weinstein's Federal

Evidence § 702.03[1]).

### III.  MOTION TO  STRIKE

In this motion, Mr. Hopson does not object to the proposed witness' qualifications as

computer forensic examiners, and does not object to their proffered testimony about the imaging

process and the forensic examination of the digital media (computers, disks, and external storage

devices) that was seized in this case.  Rather, Mr. Hopson raises narrow objections to the

testimony as proffered by the Government.  Specifically, he objects to the extent that the

Government indicates that two of its experts, Mr. Kaplan and S.A. McGuckin, will testify about

"evidence of files indicating a sexual interest in children" and "online behaviors in which those

who trade and collect child pornography engage . . . [including] testimony about the websites

they are known to visit, the evasion techniques they use, the software platforms they use and the

trading and collection techniques in which they engage."  He objects to this proposed testimony

on the basis that the Government has not demonstrated that Mr. Kaplan or S.A. McGuckin have

expertise in such areas, or that such testimony will assist the trier of fact.

In addition, Mr. Hopson objects to testimony from S.A. McGuckin regarding his opinions

– as set forth in his expert report – that Mr. Hopson was "the owner and primary user of" the

seized laptop computer, and that his examination "indicat[ed] perhaps an attempt to erase the

data on the computer," on the basis that such opinions are not based on sufficient facts or data.

He also objects to S.A. McGuckin's opinion that the presence of child pornography on the

computer (and disks) "demonstrat[es] Hopson's persistent interest in the subject" on the basis

that such opinion will not assist the trier of fact.

**A. Generalized Testimony Re Child Pornographers:**

In its notice, the Government asserts that both Mr. Kaplan and S.A. McGuckin should be allowed to provide general testimony that the files found on the digital media seized in this case reveals a sexual interest in children.  In addition, they should be allowed to testify about online behaviors (websites, evasion techniques, software platforms and trading-collection techniques) generally used by individuals who trade and collect child pornography.

Mr. Hopson first challenges this proposed testimony on the basis that the Government has failed to demonstrate that Mr. Kaplan and S.A. McGuckin have the expertise to testify about the general activities of  keeping files and online behaviors of people who trade and collect child pornography.  The Government, in response, argues that both experts are well qualified to opine as to the general actions of child pornographers in that they have abundant expertise in such online activities via their extensive examination of electronic devises used by child pornographers.  As such, they are well versed in common file names utilized, websites and forums visited to obtain child pornography, and techniques used to evade detection.  The Government contends that their qualifications to testify as to the common activities of child pornographers cannot be "genuinely disputed."

Mr. Hopson also challenges this testimony on the basis that the Government has failed to demonstrate that it would assist the trier of fact.  He argues that the information is not relevant as it does not matter what other individuals do, but only his activity is relevant here. The Government, in response, contends that lay people are generally unfamiliar with common activities of child pornographers such as naming conventions of the images, specific language used, the use of proxy servers as an evasion technique to hide IP addresses, how they behave online, etc.  As such, expert testimony as to how child pornographers often operate would assist

the trier of fact.  In addition, the Government contends that the experts should be allowed to testify as to the nature of the images found (i.e. that they are sexual and involve children).

Expert testimony about general information is admissible if it would assist the trier of fact.  *See* 2000 Advisory Committee Notes to Fed. R. Evid. 702 (recognizing that it is "important in some cases for an expert to educate the fact finder about general principles, without ever attempting to apply these principles to the specific facts of the case").  Generalized expert testimony requires only that:  (1) the expert be qualified; (2) the testimony address a subject matter on which the fact finder can be assisted by an expert; (3) the testimony be reliable; and (4) the testimony "fit" the facts of the case.  *Id.* at ¶ 9.

To the extent that Mr. Hopson questions whether Mr. Kaplan and S.A. McGuckin are qualified by either specialized knowledge and/or experience as to the digital activities that are common to child pornographers, I reserve ruling on this objection until trial at which point they will be questioned about their training and experience with child pornography investigations.   I likewise reserve ruling until trial on the admissibility of the proffered testimony about the general online activities of child pornographers on the basis of its relevancy and whether it will assist the trier of fact.

However, as to whether the images/files viewed by the experts "indicate a sexual interest in children," the Government concedes that such information could be assessed by a lay person as self-evident as "[the] jury will see the images, videos and text messages . . . and can conclude, even without expert testimony, that they are evidence of a sexual interest in children."   In addition, during a status conference in open court on August 26, 2014, counsel for the Government indicated that it intended to introduce "lots" of images of child pornography at trial and, therefore, the jury could certainly make the reasonable inference that the nature of the

images were sexual and they involved children.   As such, I grant Mr. Hopson's objection to the proffered testimony that the files/images found "indicate a sexual interest in children," as such information is self evident and will not assist the jury of fact.

### B.  McGuckin Testimony Re: Persistent Interest

Mr. Hopson also objects to S.A. McGuckin's proffered testimony that the presence of child pornography on the digital media he examined (an older laptop computer found with 19 optical disks and 3 floppy disks in a locked briefcase in Hopson's parents' home), demonstrates a "persistent interest in the subject."  Mr. Hopson seeks to have this opinion struck on this basis that it is not based on specialized knowledge that, in turn, will it assist the trier of fact.

The Government responds that S.A. McGuckin found 254 images and 150 videos of child pornography – collected over a five year period from September of 2000 through December of 2005 – on the laptop he examined.  It is within his specialized knowledge that child pornographers usually retain or horde child pornography, based on its valuable nature and difficulty in replacing.  As such, the Government asserts that his opinion that Mr. Hopson (as the owner/primary user of the laptop) was persistently interested in child pornography – given the number of images and the length of time collected and retained – would assist the jury as the trier of fact as beyond the general knowledge of a lay person.

As to S.A. McGuckin's opinion that the amount of images, collected over five years, shows that the viewer or collector was "persistently interested" in child pornography, I conclude that such "opinion" would be a reasonable inference for a finder of fact and does not require any specialized knowledge.  Such testimony from S.A. McGuckin would not assist a jury, as it would be within a juror's common knowledge and experience, and will not be admitted under Fed. R. Evid. 702.  However, the underlying testimony that child pornographers often horde child

pornography (due to its valuable nature and the difficulty in replacing it) is general information that may assist a trier of fact, as discussed above.  As such, I again reserve ruling on such generalized testimony until it is presented at trial.

### C.  McGuckin's Opinions re: Computer Ownership & Possible Attempt to Erase Data

Finally, Mr. Hopson also objects to the opinions made by S.A. McGuckin in his expert report.  Specifically, S.A. McGuckin opines that Mr. Hopson was the owner and primary user of the laptop computer and disks he examined "as established by the presence of personal documents" contained thereon.  In addition, S.A. McGuckin indicates that the evidence reveals a possible "attempt to erase the data on the computer."  Mr. Hopson argues that such opinions or statements are not based on sufficient facts or data, but rather amount to speculative guesses.

The Government, in response, asserts that S.A. McGuckin has extensive experience learning about and examining computers, and has specialized knowledge of how they function and the files and directories that are critical to operation.  In addition, he has experience and specialized knowledge as to they ways and how frequently such files are deleted.  Based on the deleted operational files from the laptop hardrive, S.A. McGuckin would opine that someone attempted to erase its data.  He would also testify that files he found remaining on the laptop (multiple emails using the email account ghopson427@yahoo.com, and a document titled "Sexual History Disclosure Greg L. Hopson") as well as those on the disks found with it (resumes and a travel safety plan) reveal that Mr. Hopson was the owner and primary user of the media seized.  As such, the Government asserts that his opinions – that Mr. Hopson was the primary user of the laptop and that it appears that he attempted to delete the data contained therein – are based on sufficient facts or data, not speculative guesses.

As to these opinions, while they may be inconclusive, that does not render them as unsupported speculation or merely subjective belief and does not necessarily invalidate them or render them inadmissible under Fed. R. Evid. 702. *See In re Commercial Financial Services, Inc.,* 350 B.R. 559, 568 (Bkrtcy. N.D. Okla. 2005)("although an expert opinion must be based on facts which enable the expert to express a reasonably accurate conclusion as opposed to conjecture or speculation, . . . absolute certainty is not required")(*quoting Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519 (10th Cir. 1995)).  Rather, such weaknesses in a qualified or conditional opinion goes to the weight of the evidence.  *Id.*  However, I agree with Mr. Hopson that such opinions would require foundational evidence related to S.A. McGuckin's qualifications to testify, based on his experience and training in the examination of computer devices, and the process by which he derived his opinions is reliable and based on sufficient facts and/or data.  Thus, I reserve ruling on Mr. Hopson's objection to this proposed testimony until such opinions are presented at trial.

## IV.  CONCLUSION

I have concluded that a portion of the expert testimony as proffered by the Government is not admissible under Fed. R. Evid. 702 as it is within the jury's common knowledge and experience and, as such, will not assist the trier of fact.  *See U.S. v. Garcia, supra,* 635 F.3d at 477.  The specific inadmissible testimony is: 1) that the images found on the seized digital media, and shown to the jury are sexual in nature and of children; and 2) that the images found and collected on the laptop evidence a "persistent interest" in child pornography.  However, as to the remainder of the specific proffered testimony objected to by Mr. Hopson, I reserve ruling on its admissibility until such evidence is sought to be presented at trial.  *See generally Bouchard v. Whetstone,* 2011 WL 742269, 4 (D.Colo. Feb. 23, 2011)(on a pre-trial Fed. R. Evid. 702 motion,

ruling specific expert testimony inadmissible, and reserving judgment on the admissibility of

some of the proffered testimony until trial).  In so ruling, I note that the Tenth Circuit authority

provides me with broad discretion in determining how to conduct my gatekeeping function under

Fed. R. Evid. 702, with regard to the admissibility of expert testimony.  *See Goebel v. Denver &*

*Rio Grande W. R.R. Co.*, 215 F.3d 1083, 1087 (10th Cir. 2000)(*citing Kumho Tire v.*

*Carmichael*, *supra*, 526 U.S. at 152)(ruling that the trial court's broad discretion applies both in

deciding how to assess an expert's reliability, including what procedures to utilize in making that

assessment, as well as in making the ultimate determination of reliability).


       ACCORDINGLY, I GRANT IN PART and I RESERVE RULING on the remainder of

the Motion to Strike Proposed Expert Testimony [**Doc #89**] filed by Defendant, as set forth

above.

Dated:  September ___4___, 2014 in Denver, Colorado.


                  BY THE COURT:

                  __s/Lewis T. Babcock_____
                  LEWIS T. BABCOCK, JUDGE