IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Criminal Case No.  12-cr-00444-LTB

UNITED STATES OF AMERICA,

       Plaintiff,

v.

GREGORY LYNN HOPSON,

       Defendant.

_____

# ORDER

_____

This matter is before me on motion filed by Defendant Gregory Lynn Hopson, entitled

"Motion to Clarify The Court's May 29, 2014 Ruling" [**Doc #96**], in which he seeks an

extension of my prior ruling denying his Motion to Suppress [Doc #78, dated 5/29/14] – related

to a search warrant executed on a residence located at 9115 Lander Street, Westminster, CO – to

two other searches conducted by the Government in this case.  After consideration of the

applicable legal authority and the parties' briefs, I GRANT the motion as follows.

## I. BACKGROUND:

On October 24, 2012, the Grand Jury indicted Mr. Hopson on:  (1) eight counts of

Production of Child Pornography in violation of 18 U.S.C. §§ 2251(a), (e) & 3559(e); (2) two

counts of Transportation of Child Pornography in violation of 18 U.S.C. § 2252A(a)(1), (b)(1);

(3) four counts of Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2), (b)(1);

and (4) two counts of Possession of Child Pornography in violation of 18 U.S.C. §

2252A(a)(5)(B), (b)(2).  A Superseding Indictment was subsequently filed on September 25,

2013, in which the Grand Jury charged Mr. Hopson with an additional count of Possession of

Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2).

On March 18, 2014, Mr. Hopson filed a pretrial Motion to Suppress Unlawful Search and Seizure, in which he argued that the search warrant executed at a residence at 9115 Lander Street was not supported by probable cause in that the supporting affidavit included intentional or reckless false statements and material omissions, and that the issuing Magistrate Judge improperly considered his past criminal history. As a result, he asked that I rule that the evidence seized as a result of the unlawful search of 9115 Lander Street be suppressed. [Doc #58]

After considering the parties' briefs and oral arguments made by counsel in open court on April 29, 2014, I concluded that Mr. Hopson's prior criminal history was properly considered and the misstatements and the omitted information in the affidavit were not material to the probable cause determination. Because the Magistrate Judge had a substantial basis for determining that probable cause existed in support of the search warrant, based on the affidavit with the misstatements excluded and the omitted information included and under the totality of the circumstances, I denied Mr. Hopson's motion to suppress. [Doc #78]

In this motion, Mr. Hopson now requests that I clarify that the order denying his motion to suppress related to the search warrant executed on March 5, 2011 at 9115 Lander Street also applies to a search warrant executed on the same day at 1000 West 1st Avenue, Broomfield, CO, and to a search warrant subsequently executed on a briefcase on May 20, 2013. Mr. Hopson asserts that these other two search warrants were issued based on a supporting affidavit that contained substantially the same information as the affidavit used for the 9115 Lander Street

warrant.  As such, he seeks "clarification" that my denial of his motion to suppress related to the search at 9115 Lander Street, also applies to the search warrants executed at 1000 West 1ˢᵗ Avenue and on the briefcase.  Or, in the alternative, Mr. Hopson asks that I reconsider and grant his motion to suppress the evidence obtained as a result of all three searches (at 9115 Lander Street, 1000 West 1ˢᵗ Avenue, and of the briefcase).

## II.  LAW

Probable cause exists when the supporting affidavit sets forth facts that would lead a prudent person to believe there is a fair probability that particular evidence of a crime or contraband will be found in a particular place.  *United States v. Basham*, 268 F.3d 1199, 1203 (10th Cir. 2001); *United States v. Rowland*, 145 F.3d 1194, 1203 (10th Cir. 1998)(noting that probable cause requires a nexus between the contraband to be seized or suspected criminal activity and the place to be searched).  I review whether, under the totality of the circumstances presented in the affidavit, the magistrate judge had a substantial basis for determining that probable cause existed.  *United States v. Artez,* 389 F.3d 1106, 1111 (10th Cir. 2004)(*citing Illinois v. Gates*, 462 U.S. 213, 238-39, 103 S.Ct. 2317, 76 L.Ed. 527 (1983)).

If a defendant can prove, by a preponderance of the evidence, that the warrant affidavit contains a statement that was intentionally false/made with reckless disregard for the truth and that statement is material to the finding of probable cause, and/or that the investigating officer knowingly or recklessly omitted information which, if included, would have vitiated probable cause, the search warrant must be voided and the fruits of the search excluded. *See Franks v. Delaware*, 438 U.S. 154, 155-6, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978); *United States v. Tisdale*, 248 F.3d 964, 973 (10th Cir. 2001); *Stewart v. Donges*, 915 F.2d 572, 582–83 (10th Cir. 1990).

"The defendant bears the burden to demonstrate the affidavit's falsity or reckless disregard for the truth by a preponderance of the evidence." *U.S. v. Tisdale, supra,* 248 F.3d at 973. It is likewise the defendant's burden to show that the erroneous statements included and the information excluded from the affidavit were material to the magistrate's finding of probable cause. *Franks v. Delaware*, *supra*, 438 U.S. at 155; *U.S. v. Tisdale*, *supra*, 248 F.3d at 973. In order to assess materiality, the court examines the affidavit as if the lies are stricken and omitted information had been included to determine whether the affidavit would still establish probable cause. *United States v. Avery*, 295 F.3d 1158, 1166–67 (10th Cir. 2002)(if the court concludes that the omitted information would not have altered the issuing magistrate's decision to authorize the search, the fruits of the challenged search need not be suppressed).

### III.  1000 W. 1st AVENUE SEARCH

Following an investigation, Special Agent Melissa Coffey applied for search warrants for residences located at 9115 Lander Street and at 1000 West 1st Avenue, seeking evidence and/or contraband related to possession and transportation of child pornography. The applications for the warrants were both supported by an identical affidavit signed by Agent Coffey. After finding probable cause, the United States Magistrate Judge issued the warrants and they were executed on March 5, 2011. The evidence seized from both warrants resulted in a Grand Jury Indictment against Mr. Hopson on October 24, 2012, for production, transportation, receipt and possession of child pornography.

The affidavit indicated that two separate investigations revealed that the user of the email address "anniegirl_11@yahoo.com" sent and/or received images of minors engaging in sexually explicit conduct. A subpoena was issued for the anniegirl_11@yahoo.com account, and Yahoo

responded, with information "reflecting that two IP addresses were used for two different emails: IP address 97.118.225.48 for the email on March 11, 2010 at 04:41:08 GMT and IP address 174.16.196.186 for the email on March 2, 2010 at 20:53:33 GMT." A publically available internet search tool revealed that the two IP addresses used by anniegirl_11@yahoo.com on March 2 and 11, 2010 were owned by Qwest.

A subpoena was then issued to Qwest, who responded that on those two dates and times, the IP addresses were assigned to a subscriber named "Greg Hopsin" at the address of "9115 Lander Street, Westminister, CO 80031." A law enforcement database search subsequently identified a Gregory L. Hopson associated to the address: 1000 West 1st Avenue, Broomfield, CO, and also associated with the 9115 Lander Street address. An internet search then identified a Gregory Lynn Hopson, with the same date of birth, as a registered sex offender with the last reported and registered address of 1000 West 1st Avenue. [Doc #97-1 ¶ 62-64]

Further investigation revealed that a Greg Hopson plead guilty to Sexual Assault on a Child While in a Position of Trust in Boulder County Court on February 10, 2000. His probation officer was contacted and indicated that Mr. Hopson lived with his parents at 1000 West 1st Avenue, but he was allowed to visit his girlfriend or wife at 9115 Lander Street, as long as their five-year old daughter was not at the residence during the visit. Mr. Hopson signed a form acknowledging his conditions of probation, in June of 2002, which included that he have no contact with any child under the age of 18 and that any change of residence must receive prior approval. [Doc #97-1 ¶ 65-66, 69-73]

A home visit by probation was conducted on May 25, 2010, at 1000 West 1st Avenue. The probation report noted that the residence "looked barely lived in." A computer, identified as

belonging to Mr. Hopson's father, was observed in the basement office. Mr. Hopson's bedroom, also located in the basement, contained many children's toys that were for when Hopson's daughter was visiting his parents (in his absence). [Doc #97-1 ¶68]

The affidavit indicated that surveillance was then established at both 9115 Lander Street and 1000 West 1st Avenue on March 3, 2011. [Doc #97-1 ¶74]  Agents observed a man that appeared to be Greg Hopson park in the driveway and enter the 9115 Lander Street residence at 2:15PM.  At about 4:50PM, a woman and young girl (who was approximately 4-5 years old) arrived at 9115 Lander Street.  The male exited the residence at 6:35PM, and returned at approximately 9:26PM.  No further activity was observed, and surveillance concluded at 11:42PM. During the course of the surveillance, Hopson was not seen at 1000 West 1st Avenue. [Doc #97-1 ¶75]

Based on the investigation as described, Agent Coffey concluded that "probable cause exists to believe that at [1000 West 1st Avenue] will be found evidence, fruits, and instrumentalities of a violation" of possession and transportation of child pornography. [Doc #97-1 ¶79]  The United States Magistrate Judge agreed, and issued the search warrant.

In my denial of the Motion to Suppress the search at 9115 Lander Street, I determined that a false statement existed in ¶60 of the affidavit, which stated that a report/log provided by Yahoo indicated that internet activity associated with the email address anniegirl_11@yahoo.com revealed that emails (instead of just logins) were sent from IP address 97.118.225.48 (on March 11, 2010) and from IP address 174.16.196.186 (on March 2, 2010).  In addition, I found a conclusory misstatement in ¶78(G), which could be read to infer that Mr. Hopson was the individual who claimed knowledge about original and private images of child

pornography in an email sent by anniegirl_11@yahoo.com.   Finally, I found that omitted

information about the existence of numerous other IP addresses associated with and used by

anniegirl_11@yahoo.com (that did not resolve to the 9115 Lander Street address) would have

weighed in favor of, and was not material to, the probable cause determination.   I also concluded

that the Magistrate Judge's consideration of Mr. Hopson's previous conviction for Sexual

Assault on a Child While in a Position of Trust was relevant and appropriate under the totality of

the circumstances. [Doc #78]

> To the extent that Mr. Hopson now challenges the probable cause determination for the

search warrant executed on 1000 West 1st Avenue based on the same issues in the affidavit,  I

apply my prior rulings to conclude that, as a matter of law, the improper statements included and

the information excluded from the affidavit were not material to the Magistrate Judge's finding

of probable cause.   Moreover, under a totality of the circumstances, the affidavit established a

nexus between the email address anniegirl_11@yahoo.com and Mr. Hopson, in that the facts in

the affidavit would lead a prudent person to believe that there was a fair probability that evidence

of child pornography would be found at Mr. Hopson's registered residence located at 1000 West

1st Avenue.   As such, I grant Mr. Hopson's request to clarify that my order dated May 29, 2014

denying his motion to suppress evidence seized at 9115 Lander Street also applies to the search

warrant executed at 1000 West 1st Avenue.

## IV. BRIEFCASE

> Following Mr. Hopson's arrest, his father contacted law enforcement – over two years

later on May 20, 2013 – and indicated that he had found a locked briefcase under the stairs in his

home.  Inside the briefcase he found a laptop computer and some discs.  Although Mr. Hopson's

father purportedly gave his consent to the Government to take the laptop and discs, the

Government instead obtained a warrant to search the briefcase.  The search warrant affidavit for

the briefcase was factually identical to the warrants for the residences, except that it also

contained information about the evidence seized during the searches of the residence at 9115

Lander Street (a computer containing a well-organized collection of hundreds of thousands of

images and videos of child pornography, evidence of email messages in which the trading of

child pornography was discussed, and discs containing evidence of production which included

an identified minor child engaged in sexually explicit conduct with Greg Hopson) and the

residence at 1000 West 1st Avenue (a hard disc drive which contained a text file that referenced a

website which was known to contain child pornography, and an interview in which Mr.

Hopson's parents indicated that he was living with his girlfriend at 9115 Lander Street and had

last stayed at their residence four to six months previously). [Doc #97-2 ¶¶66-69]  In addition,

the affidavit averred that:

> On May 20, 2013, at approximately 1:18pm, your Affiant received a telephone
> call from Irvin Hopson, who resides at 1000 West 1st Avenue, Broomfield, CO
> 80020.  He stated he was recently cleaning the area under the staircase at his
> residence and found a locked briefcase. Irvin Hopson wanted to dispose of the
> briefcase but noticed it was unusually heavy and "pried open" the case and found
> a laptop computer, several discs and legal paperwork.  Irvin Hopson stated he
> attempted to plug in the laptop computer but it did not appear to be in proper
> working condition.  Irvin Hopson also stated he had not seen this laptop prior to
> him discovering the briefcase.  Irvin Hopson gave verbal consent over the
> telephone to law enforcement agents to take the laptop and optical disks, but
> stated that he would turn over the paperwork from the briefcase only with a
> search warrant.  [Doc #97-2 ¶71]

To the extent that Mr. Hopson asserts that the search warrant for the briefcase was

insufficient to find probable cause, based on the same errors or omissions in the affidavit for the

search of the residences, I first note that the conclusory misstatement in ¶78(G) was deleted from

the briefcase affidavit.  Furthermore, when the false statement related to the sending of mails by

anniegirl_11@yahoo.com (as opposed to merely just logins) is excluded from the briefcase

affidavit, and the omitted information about the existence of numerous other IP addresses used

by anniegirl_11@yahoo.com is included, the affidavit would still contain sufficient facts

under a totality of the circumstances to lead a prudent person to believe that there was a fair

probability that evidence of child pornography would be found in the briefcase.  As such, I also

extend my ruling in the order dated May 29, 2014 denying the motion to suppress evidence

seized at 9115 Lander Street [Doc #78] to the search warrant of the briefcase.  In so doing, I

reject Mr. Hopson's argument that that the search of the briefcase was unlawful because his

father lacked authority to consent to the search.  Rather, I have determined that the search was

executed via a valid search warrant.  Furthermore, I agree with the Government that under the

undisputed facts related to Mr. Hopson's father's discovery of the briefcase and its contents, the

search was a private one that triggered no Fourth Amendment issues.

## V. CONCLUSION

As such, I grant Mr. Hopson's request to "clarify" that my order dated May 29, 2014

denying his motion to suppress evidence seized at 9115 Lander Street also applies to the search

warrants executed at 1000 West 1st Avenue and to the briefcase. To the extent that Mr. Hopson

seeks other relief – e.g. that I reconsider and grant his motion to suppress the evidence obtained

as a result of all three searches (at 9115 Lander Street, 1000 West 1st Avenue, and of the

briefcase) – such request is denied.

ACCORDINGLY, I GRANT Defendant's Motion to Clarify The Court's May 29, 2014

Ruling [**Doc #96**], and I extend my prior ruling denying his Motion to Suppress [Doc #78, dated

5/29/14] to the March 5, 2011 search warrant executed at 1000 West 1st Avenue, Broomfield,

CO, and to a search warrant subsequently executed on a briefcase on May 20, 2013.

Dated:  September  __19th_, 2014 in Denver, Colorado.


BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, JUDGE