**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE LEWIS T. BABCOCK**

**COURTROOM MINUTES**

_____

Courtroom Deputy:  Emily Buchanan          Date:        December 23, 2014
Court Reporter:    Mary George             Probation:   Gary Burney

_____

Criminal Action No. 12-cr-00444-LTB          <u>Counsel:</u>

UNITED STATES OF AMERICA,                    Judith Smith

     Plaintiff,

v.

1. GREGORY LYNN HOPSON,                      Patrick Ridley

     Defendant.

_____

**SENTENCING**
_____

9:01 a.m.    Court in Session.

Defendant is present and in custody.

Also seated at Plaintiff's table: Melissa Coffey, Special Agent with Homeland Security Investigations.

> Defendant plead guilty to Counts 9, 10, and 16 of the Superseding Indictment and admitted to the forfeiture allegation on September 29, 2014.

Statements by Ms. Smith and Mr. Ridley.

Statements by the Court.

**ORDERED**:  Court reaffirms and ratifies the appropriate conditions under 11(c)(1)(C).

1

**ORDERED**: Government's Motion to Grant the Defendant an Additional One-Level Decrease Pursuant to U.S.S.G § 3E1.1(b) [Doc. No. 133, filed December 22, 2014] is GRANTED.

**ORDERED**: United States' Motion for Preliminary Order of Forfeiture [Doc. No. 131, filed December 12, 2014] is GRANTED.

**ORDERED**: Government's Motion to Dismiss Counts 1-8, 11-15 and 17 of the Superseding Indictment [Doc. No. 132, filed December 22, 2014] is GRANTED.

**ORDERED**: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the court that Defendant, Gregory Lynn Hopson, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 420 months as to each of Counts 9 and 10 and 240 months as to Count 16, all such terms to be served concurrently with each other.

Court recommends that the Bureau of Prisons designate the Colorado Department of Corrections to be the place of service of this sentence thereby making this sentence concurrent with the defendant's imprisonment pursuant to the judgment in case number 1999 CR 1717, Boulder County District Court.

**ORDERED**: Upon release from imprisonment, Defendant shall be placed on supervised release for a period of life on each of Counts 9, 10, and 16, all terms to run concurrently.

**ORDERED**: Conditions of Supervised Release:
- (X) Within 72 hours of release from the custody of the Bureau of Prisons, Defendant shall report in person to the probation office in the district to which Defendant is released.
- (X) Defendant shall not commit another federal, state or local crime.
- (X) Defendant shall not possess a firearm as defined in 18 U.S.C. § 921.
- (X) Defendant shall comply with standard conditions as adopted by the Court.
- (X) Defendant shall pay in accordance with the schedule of payments sheet set forth in the judgment with regard to victim restitution.
- (X) Mandatory drug testing provisions of 18 U.S.C. § 3583(d) are WAIVED because the Presentence Report indicates a low risk of future substance abuse by Defendant.
- (X) Defendant will cooperate in the collection of DNA as directed by the probation officer.
- (X) Defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16911, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he resides, works, is a student, or was

        convicted of a qualifying offense.

**SPECIAL CONDITIONS** of Supervised Release:
- (X) Defendant shall participate in and successfully complete an approved program of sex offender evaluation and treatment as directed by the probation officer, which may include polygraph, plethysmograph and visual reaction time measuring instruments as determined therapeutically appropriate. The defendant shall comply with the rules and restrictions specified by the treatment agency.
- (X) The defendant's use of computers and Internet access devices shall be limited to those the defendant requests to use, and which the probation officer authorizes. The defendant shall submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.
- (X) The defendant shall allow the probation officer to install software/hardware designed to monitor computer activities on any computer the defendant is authorized by the probation officer to use. The software may record any and all activity on the computer, including the capture of keystrokes, application information, Internet use history, email correspondence, and chat conversations. A notice will be placed on the computer at the time of installation to warn others of the existence of the monitoring software on the computer. The defendant shall not attempt to remove, tamper with, reverse engineer, or in any way circumvent the software/hardware.
- (X) Any employment shall be approved in advance by the probation officer.
- (X) The defendant is prohibited from possessing any images of his stepdaughter, victim number 1. The defendant is also prohibited from possessing images of his daughter prior to her becoming 18, unless her biological mother agrees he may possess such images.
- (X) The defendant shall have no contact with any of the victims in this case or any minor child.

**ORDERED**: Defendant shall pay a special assessment of $300.00, which is due and payable immediately.

**ORDERED**: No fine is imposed because defendant has no ability to pay a fine.

**ORDERED**: Defendant shall make restitution to the victim in the amount indicated in the presentence report.

**ORDERED**: Court finds that the defendant does not have the ability to pay interest and waives the interest requirement for the restitution.

**ORDERED**: The special assessment and restitution obligations are due immediately. Any unpaid restitution balance upon release from incarceration shall be paid in monthly installment payments during the term of supervised release. The monthly installment payment will be calculated as at least 10 percent of the defendant's gross monthly income.

**ORDERED**: Defendant advised of the right to appeal the limited issues referenced in the plea agreement.

Defendant is **REMANDED** to the custody of the U.S. Marshal.

9:35 a.m.      Court in Recess.
Hearing concluded.
Time:  00:34